**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:19CR758 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **PABLO LATORRES,** | |
| Defendant. | **MEMORANDUM OF OPINION AND ORDER ON DEFENDANT'S MOTION FOR PRETRIAL RELEASE** |

Currently pending is Defendant Pablo Latorres's Motion for Pretrial Release filed on April 13, 2020 ("Defendant's Motion). (Doc. No. 31.) The Government filed a Response in Opposition to Defendant's Motion for Pretrial Release on April 13, 2020 ("the Government's Response"). (Doc. No. 32.) For the reasons set forth below, Defendant's Motion is DENIED.

In Defendant's Motion, Defendant requests that this Court allow him to be released from incarceration pending trial due to the Coronavirus/COVID-19 pandemic around the world and particularly in the United States. Defendant cites the pandemic as the "change of circumstances" that were not in existence at the time of his arraignment as the sole basis for his request. According to Defendant, while incarcerated it is impossible for him to self-quarantine and/or social distance as ordered by Governor DeWine. Defendant asserts that there are ways to ensure his return for court proceedings and trial, including but not limited to his personal assurances of his desire to resolve this matter or try it; electronic home monitoring, and supervised release, etc.

In the Government's Response, the Government correctly notes that since certain charges pending against him – specifically Conspiracy and Possession with the Intent to Distribute

Methamphetamine in Counts 1 and 3 of the Indictment – carry a maximum period of incarceration of life, there is a presumption of detention pending trial, and Defendant waived his detention hearing on December 12, 2019. The Government also correctly cites and quotes from 18 U.S.C. § 3142(f) for the proposition that "[a] detention hearing may be reopened only after a 'judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" (Doc. No. 32 PageID # 111.) The Government correctly asserts that in considering whether there has been a change of circumstance, pursuant to 18 U.S.C. § 3142(g)(3)(A) the Court may consider a defendant's "physical and mental health," but argues that there is no provision whereby the Court can or should consider "speculative or possible future conditions." *Id.* According to the Government, there are no confirmed cases of COVID-19 at Northeast Ohio Correction Center ("NEOCC") where Defendant is housed, and Defendant does not allege that he has COVID-19 symptoms, or that he has been exposed to any individuals with COVID-19 symptoms. The Government sets forth or outlines the "significant steps [that] have been taken to protect the Defendant" by the U.S. Marshals Service and NEOCC; asserts that Defendant's medical needs will be met while incarcerated at NEOCC and that Defendant has not cited any medical conditions that would make him susceptible to COVID-19. (Doc. No. 32, PageID #s 112-114.) Finally, the Government argues that if Defendant is released on home detention or supervised release as he requests, then supervising officers with the U.S. Probation and Pretrial Services will be at greater risk for contracting the virus, and there is no reason to believe that releasing him would reduce Defendant's exposure to the virus.

This Court finds the government's arguments to be well-taken. The COVID-19 pandemic, standing alone, does not constitute a "change of circumstance" warranting Defendant's release. Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: April 15, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE